Filed 9/24/25  P. v. Rendon CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER RENDON,<br><br>     Defendant and Appellant. | A171867<br><br><br>(Contra Costa County<br>Super. Ct. No. 04-24-01615) |

Defendant appeals from a judgment of conviction for possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1) and possession of fentanyl for sale (Health & Saf. Code, § 11351; count 2), following his no contest plea.  Defendant's counsel asks us to review the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant did not file a supplemental brief, and our review of the record discloses no arguable issues.

## BACKGROUND

On August 15, 2024, the Contra Costa District Attorney filed a felony complaint against defendant alleging three counts:  possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1; sale and transportation of fentanyl (Health & Saf. Code, § 11352, subd. (a); count 2); and possession of fentanyl for sale (Health & Saf. Code, § 11351; count 3).  The complaint also

1

alleged defendant violated probation on a separate matter. Defendant entered an initial plea of not guilty.

On September 3, 2024, pursuant to a negotiated plea agreement, defendant pleaded no contest to counts 1 and 3 in exchange for a mitigated term of 16 months on count 1 and a one-year, consecutive term on count 2, for a total prison term of two years four months. The prosecution dismissed count 2 and the probation violation allegation. Defendant initialed and signed a felony advisement of rights, waiver and plea form acknowledging and waiving his rights, including his right to appeal, and stating he discussed the police reports and investigative reports with his counsel and understood the factual basis for his plea. The trial court confirmed on the record that defendant understood and agreed to waive his rights to a preliminary hearing, a trial by judge or jury, to cross-examine and confront witnesses, to subpoena witnesses and put on his own defense, and to remain silent or testify on his own behalf. The parties stipulated there was a factual basis for the plea based on the report of the Contra Costa County Office of the Sheriff. The trial court found defendant's waiver of his rights was knowing and voluntary.

In accordance with the plea agreement, defendant was sentenced to the lower term of 16 months on count 1 (Pen. Code, § 29800, subd. (a)(1)) and a consecutive term of one-third the middle term (one year) on count 3 (Health & Saf. Code, § 11351), for a total term of two years four months. Defendant was given 29 days of credit for time served and 28 days of conduct credit. The trial court imposed a $200 restitution fine and a $200 parole revocation restitution fine, which was stayed pending defendant's successful completion of parole. The court also imposed a $40 court operations assessment and a $30 criminal conviction assessment.

## DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review.  We have independently reviewed the record.  (*People v. Wende, supra*, 25 Cal.3d at pp. 440–441.)  We find there are no reasonably arguable appellate issues, and we are satisfied that counsel has fully complied with his responsibilities.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A171867/*People v. Alexander Rendon*

3